Reese, J.
delivered the opinion of the court.
There were two executions in the hands of the Sheriff of Perry county, at the suit of the President and Directors of the Bank of Tennessee, issued from the Circuit Court of that county, which he failed to return according to law. Upon each of these executions there was due to the State the sum of two dollars and seventy-five cents, as State tax; and the Attorney General moved the court for a judgment against the Sheriff and his sureties on behalf of the State, for the amount of the State *476 lax. ’ The court, however, on such motion rendered judgment against the Sheriff and his sureties, on behalf of and in the name of the State, not for the tax alone, due to the State, as received upon said executions, but in addition thereto, for the entire .amount of the two executions. The judgment to this extent, it is argued, is authorized and maintained by the provisions of the act of 1833, ch. 43, sec. 1. Without feeling called upon in the present case to make the attempt by judicial construction to clear up the obscurities which exist in the details of the first section of that statute as to the legislative meaning; we are satisfied that it was not the purpose of the statute to authorize the State, on the motion of the Attorney General, to recover in its own name against the defaulting officer and his sureties, not only the taxes and fines that might be due to the State, the county or common schools, but the debt and costs also, which might be due to the plaintiff and others upon the execution, the non-return of which might; constitute the grounds of a motion. If to the latter class of claimants a remedy be given by the statute against the sheriff, on the motion of the Attorney General, in terms sufficiently distinct and intelligible to make that remedy effective, still such proceeding must be conducted in the name, at the instance and for the benefit of the claimant, and not in the name, or at the instance of the State.
The official motion of the Attorney General is limited by the intention of the act to the taxes and fines due. to the State, to the county and to the common schools. These it is believed can be recovered in the name of the State, and upon motion of the Attorney General. But it was not the purpose of the statute, it seems to us, to lend either the name of the State or the services of its officers to the objects or obtrude itself amidst thé affairs of private individual claimants. So to hold, would make the State recover in its name, and by its Attorney General, and retain as a trustee for citizens, all that might be due, to all persons throughout the State, upon non-returned executions; for a State tax must be due upon each one of such executions. From such a construction the good sense of every man recoils at once. It would plunge the community into difficulties, which -it is not possible fo foresee or estimate lire consequence of.
*477 The judgment will be. reversed, and a judgment given ibr Ibo State tax only.